UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.   _____ - CIV


LE CLUB MANAGEMENT, LLC;    )
MIGUEL ANTONIO MOUAWAD MAWAD;    )
    )
    Plaintiffs    )

v.

GREG RICHARDSON, Director, Texas Service    )
Center, U.S. Citizenship and Immigration Services; )
L. FRANCIS CISSNA, Director, U.S. Citizenship    )
and Immigration Services;    )
KEVIN MCALEENAN, Acting Secretary of    )
Homeland Security;    )
    )
    Defendants    )
_____)

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND REVIEW OF AGENCY ACTION UNDER THE ADMINISTRATIVE PROCEDURE ACT

Plaintiffs, Le Club Management, LLC and Miguel Antonio Mouawad Mawad, by and through their undersigned counsel, file the instant Complaint and state as follows:

### INTRODUCTION

1.     This is an action seeking declaratory and injunctive relief from an adverse agency action.

2.     Plaintiffs challenge Defendants' arbitrary and unlawful decision to deny the Form I-140, Immigrant Petition for Alien Worker, filed by Plaintiff, Le Club Management, LLC, to classify co-Plaintiff, Miguel Antonio Mouawad Mawad, as a professional worker pursuant to Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)(A)(ii).

There is an actual controversy between the parties within this Court's jurisdiction as hereinafter more fully appears.

3.    A U.S. employer who wishes to employ a foreign national in a permanent and full-time professional worker position must file a Form I-140, Immigrant Petition for Alien Worker, with the United States Citizenship and Immigration Services to classify the foreign national as a professional worker.  Prior to filing the I-140 petition, the U.S. employer must first obtain approval of an ETA Form 9089 (commonly known as a "labor certification" or "PERM labor certification") from the United States Department of Labor confirming that there are not sufficient qualified U.S. workers available for the offered position and that the employment of the foreign national will not adversely affect the wages and working conditions of similarly situated U.S. workers.

4.    After obtaining approval of a labor certification application from the U.S. Department of Labor, Plaintiff, Le Club Management, LLC, filed an I-140 petition with Defendants to classify co-Plaintiff, Miguel Antonio Mouawad Mawad, as a professional worker pursuant to Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3)(A)(ii).  Despite record evidence that Miguel Antonio Mouawad Mawad meets the requirements for professional worker classification, Defendants erroneously denied the I-140 petition.

5.    Defendants' decision is replete with fundamental factual and legal errors.  The decision dismisses — without any meaningful discussion or analysis — substantial and probative evidence regarding Miguel Antonio Mouawad Mawad's work experience with Criteria Consulting, C.A. in Venezuela and renders a conclusion that is devoid of common sense.  This denial is another example of a recent adjudicative approach and a concerted effort by Defendants

to not only deny immigration petitions filed by qualified U.S. employers and foreign nationals, but to also conclude that the U.S. employers and/or foreign nationals committed fraud or made willful misrepresentations of a material fact during the course of the immigration proceedings. In many cases, Defendants disregard the law, misinterpret, ignore or distort evidence in the record and issue denials that are legally and factually erroneous. Similarly, Defendants' findings of fraud or willful misrepresentation are often not supported by the record, completely ignore, misread, or trivialize compelling rebuttal evidence in the record, and are based primarily on speculation or innuendo. It appears that Defendants have been contaminated by a mindset to deny cases and/or allege fraud irrespective of what evidence the U.S. employers and/or foreign nationals provide and to find any reason – no matter how weak or arbitrary – to justify a predetermined negative outcome.

6.     Defendants' actions are arbitrary and capricious and contrary to law. As such, the Court should vacate the denial and approve the I-140 petition.

<u>JURISDICTION</u>

7.     This case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 *et seq*. and the APA, 5 U.S.C. § 701 *et seq*. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. to 8 U.S.C. § 1329, 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1346(a)(2) (actions against Officers of the United States). This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702. There exists between the parties an actual and justiciable controversy in which Plaintiffs seek declaratory and injunctive relief to protect their legal rights. The United States has waived its sovereign immunity under 5 U.S.C. § 702.

8.     Plaintiff, Le Club Management, LLC, is a Florida Limited Liability Company established on April 24, 2012 and located in Miami Beach, Florida.  Le Club Management, LLC provides management and entertainment services and is wholly-owned by Inversiones Le Club, C.A., the owner and operator of Le Club-Venezuela (the premier social club in Venezuela).  The "Le Club" trademark is widely recognized in Venezuela as a showcase of elegance and distinction, a brand replete with associations among the elites of Venezuelan society.  Le Club-Venezuela launched Le Club Management, LLC as the flagship company for its U.S. business expansion with its initial base in Miami, Florida.

9.      Le Club Management, LLC is the U.S. employer that filed the Form I-140, Immigrant Petition for Alien Worker, with the United States Citizenship and Immigration Services on behalf of Miguel Antonio Mouawad Mawad seeking to classify him as a professional worker pursuant to Section 203(b)(3)(A)(ii) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1153(b)(3)(A)(ii).  On March 4, 2019, the USCIS denied the I-140 petition filed by Le Club Management, LLC.

10.    Plaintiff, Miguel Antonio Mouawad Mawad ("Mr. Mouawad"), is a native and citizen of Venezuela and the direct beneficiary of the Form I-140, Immigrant Petition for Alien Worker, filed by Le Club Management, LLC seeking to classify him as a professional worker pursuant to INA § 203(b)(3)(A)(ii), 8 U.S.C. § 1153(b)(3)(A)(ii).

11.    Defendant, Greg Richardson, is an official of the United States Citizenship and Immigration Services ("USCIS") generally charged with supervisory authority over all operations of the Texas Service Center of the USCIS.  Defendant, Greg Richardson, is the official who denied Le Club Management, LLC's I-140 petition.  This action is brought against him in his official capacity.

4

12.     Defendant, L. Francis Cissna, is the Director of the USCIS, and is generally charged with the administration of the benefits governed by the INA.  INA § 103(c), 8 U.S.C. § 1103(c).  This action is brought against him in his official capacity.

13.     Defendant, Kevin McAleenan, is the Acting Secretary of the U.S. Department of Homeland Security.  The Secretary is generally charged with enforcement of the INA and is further authorized to delegate such powers and authority to subordinate employees of the Department of Homeland Security.  INA § 103(a), 8 U.S.C. § 1103(a).  Specifically, the Secretary is responsible for the adjudication of employment-based immigrant visa petitions filed pursuant to INA § 203(b), 8 U.S.C. § 1153(b).  This action is brought against him in his official capacity.

14.     The USCIS is an agency within the Department of Homeland Security to whom the Secretary's authority has in part been delegated and is subject to the Secretary's supervision.

## VENUE

15.     Venue is proper in this court pursuant to 28 U.S.C. § 1391(e), in that this is an action against officers and agencies of the United States in their official capacities, brought in the District where Plaintiffs reside and are domiciled, as well as where a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred.

## EXHAUSTION OF REMEDIES

16.     The USCIS' March 4, 2019 denial of Le Club Management, LLC's I-140 petition constitutes a final agency action under the APA, 5 U.S.C. § 701, *et seq*.  Neither the Immigration and Nationality Act nor the DHS regulations at 8 C.F.R. §§ 103.3(a) and 204.5(n)(2) require an administrative appeal of the denial. Accordingly, Plaintiffs have no administrative remedies to exhaust.

## LEGAL BACKGROUND

17.    Foreign nationals seeking to immigrate to the United States through an offer of permanent employment must undergo a two or three step process. This section will provide an overview of the process and the requirements that a U.S. employer and the foreign national (*i.e.*, prospective employee) must generally follow.

18.    In most employment-based immigrant visa categories, the first step entails the U.S. employer obtaining approval of an ETA Form 9089 (commonly referred to as a "labor certification application" or "PERM labor certification") from the U.S. Department of Labor ("USDOL") on behalf of the foreign national.  *See* 8 U.S.C. §§ 1153(b) and 1182(a)(5)(A). During this step, the USDOL determines whether the U.S. employer engaged in a good faith test of the U.S. labor market to find a qualified, willing, and available U.S. worker for the offered position and whether the employment of the foreign national will not adversely affect the wages and working conditions of similarly situated U.S. workers.  The USDOL also determines the prevailing, or minimum, wage for the offered job in the area of intended employment.

19.    If the USDOL certifies (*i.e.*, approves) the labor certification application, the U.S. employer has 180 days to file the second step, to wit, a Form I-140, Immigrant Petition for Alien Worker, with the USCIS on behalf of the foreign national.  *See* 8 U.S.C. § 1182(a)(5)(A); 20 C.F.R. § 656.30(b).  In support of the I-140 petition, the U.S. employer must submit the original certified labor certification application, as well as evidence of the U.S. employer's ability to pay the offered wage for the sponsored position and documentary evidence demonstrating that the foreign national meets either the primary or alternate education and/or experience requirements for the offered position (as specified on the labor certification application). *See*, *e.g.*, 8 C.F.R. §

6

204.5(l).  Assuming the U.S. employer provides the required evidence, the USCIS must approve

the I-140 petition.

20.     The third step entails the foreign national, if already residing in the U.S., filing a

Form I-485, Application to Adjust Status to Lawful Permanent Residence, with the USCIS.  *See*

8 U.S.C. § 1255(a).  Conversely, if the foreign national is residing abroad, he or she applies for

an immigrant visa (*i.e.*, permanent residence) at the U.S. Consulate in the country where he or

she resides.  Upon approval of the foreign national's Form I-485 or the foreign national's

admission to the U.S. with the immigrant visa, he or she will be a lawful permanent resident.

<u>APPLICABLE LAW</u>

5 U.S.C. § 703 is titled "*Form and Venue of Proceeding*" and provides:

The form of proceeding for judicial review is the special statutory review proceeding relevant to the subject matter in a court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction. If no special statutory review proceeding is applicable, the action for judicial review may be brought against the United States, the agency by its official title, or the appropriate officer. Except to the extent that prior, adequate, and exclusive opportunity for judicial review is provided by law, agency action is subject to judicial review in civil or criminal proceedings for judicial enforcement.

5 U.S.C. § 706 is titled "*Scope of Review*" and provides:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall —— (1) compel agency action unlawfully withheld or unreasonably delayed; and (2) hold unlawful and set aside agency action, findings, and conclusions found to be —— (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (D) without observance of procedure required by law; (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

In making the foregoing determinations, the court shall review the whole record or those

parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

Section 203(b)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1153(b)(3), is titled

"*Skilled workers, professionals, and other workers*" and provides, in pertinent part:

> (A) In general
>     Visas shall be made available, in a number not to exceed 28.6 percent of such
>     worldwide level ... to the following classes of aliens who are not described in
>     paragraph (2):
>   (ii) Professionals
>        Qualified immigrants who hold baccalaureate degrees and who are members of the
>        professions.

Section 212(a)(5)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(5)(A),

is titled "*Labor certification and qualifications for certain immigrants*" and provides, in pertinent

part:

> (i) In general - Any alien who seeks to enter the United States for the purpose of
>     performing skilled or unskilled labor is inadmissible, unless the Secretary of Labor
>     has determined and certified to the Secretary of State and the Attorney General that -
>     (I) there are not sufficient workers who are able, willing, qualified (or equally
>         qualified in the case of an alien described in clause (ii)) and available at the time
>         of application for a visa and admission to the United States and at the place where
>         the alien is to perform such skilled or unskilled labor, and
>     (II) the employment of such alien will not adversely affect the wages and working
>         conditions of workers in the United States similarly employed.

8 C.F.R. § 204.5(g) is titled "*Initial evidence*" and provides, in pertinent part:

> (1) General. Specific requirements for initial supporting documents for the various
>     employment-based immigrant classifications are set forth in this section. In general,
>     ordinary legible photocopies of such documents (except for labor certifications from
>     the Department of Labor) will be acceptable for initial filing and approval. However,
>     at the discretion of the director, original documents may be required in individual
>     cases. Evidence relating to qualifying experience or training shall be in the form of
>     letter(s) from current or former employer(s) or trainer(s) and shall include the name,
>     address, and title of the writer, and a specific description of the duties performed by
>     the alien or of the training received. If such evidence is unavailable, other
>     documentation relating to the alien's experience or training will be considered.

8

8 C.F.R. § 204.5(l) is titled "*Skilled workers, professionals, and other workers*" and provides, in pertinent part:

(1) Any United States employer may file a petition on Form I-140 for classification of an alien under section 203(b)(3) as a skilled worker, professional, or other (unskilled) worker.

(2) Definitions. As used in this part: Professional means a qualified alien who holds at least a United States baccalaureate degree or a foreign equivalent degree and who is a member of the professions.

(3) Initial evidence —

   (i) Labor certification or evidence that alien qualifies for Labor Market Information Pilot Program.  Every petition under this classification must be accompanied by an individual labor certification from the Department of Labor, by an application for Schedule A designation, or by documentation to establish that the alien qualifies for one of the shortage occupations in the Department of Labor's Labor Market Information Pilot Program….

   (ii) Other documentation—(A) General. Any requirements of training or experience for skilled workers, professionals, or other workers must be supported by letters from trainers or employers giving the name, address, and title of the trainer or employer, and a description of the training received or the experience of the alien.

   (C) Professionals.  If the petition is for a professional, the petition must be accompanied by evidence that the alien holds a United States baccalaureate degree or a foreign equivalent degree and by evidence that the alien is a member of the professions. Evidence of a baccalaureate degree shall be in the form of an official college or university record showing the date the baccalaureate degree was awarded and the area of concentration of study. To show that the alien is a member of the professions, petitioner must submit evidence showing that the minimum of a baccalaureate degree is required for entry into the occupation.

## FACTUAL ALLEGATIONS

21.    Plaintiff, Le Club Management, LLC, is Florida Limited Liability Company located in Miami Beach, Florida.  The company provides management and entertainment services.

22.    On May 30, 2018, Le Club Management, LLC filed a labor certification application (*i.e.*, ETA Form 9089) with the USDOL on behalf of Mr. Mouawad for the offered position of Business Development Manager.  According to the labor certification application, the

primary requirements for the offered position are a bachelor's degree in Business Administration or its foreign educational equivalent and two (2) years of experience in the offered job.  In lieu of the primary requirements for the offered position, the labor certification application states that the following alternate combination of education and experience is acceptable: bachelor's degree in Business Administration, Management Science, or similar field or its foreign educational equivalent and two (2) years of experience in planning, directing and coordinating customer acquisition and retention.

23.     On August 3, 2018, the USDOL approved the labor certification application filed by Le Club Management, LLC on behalf of Mr. Mouawad.  *See* exhibit A, which comprises a true and correct copy of the approved labor certification application (*i.e.*, ETA Form 9089).

24.     On December 17, 2018, Le Club Management, LLC filed Form I-140, Immigrant Petition for Alien Worker, on behalf of Mr. Mouawad with the USCIS seeking to classify him as a professional worker pursuant to Section 203(b)(3)(A)(ii) of the INA, 8 U.S.C. § 1153(b)(3)(A)(ii).  *See* exhibit B, which comprises a true and correct copy of the USCIS' I-140 receipt notice.

25.     In support of the I-140 petition, Le Club Management, LLC submitted the following documents: 1) the certified labor certification application (*i.e.*, ETA Form 9089) filed on behalf of Mr. Mouawad; 2) diploma and transcript (along with an English translation) from the Universidad Metropolitana in Venezuela indicating that Mr. Mouawad was awarded a degree in Administrative Sciences; 3) academic evaluation stating that Mr. Mouawad holds the equivalent of a Bachelor of Science in Management Science from an accredited U.S. college or university based on his degree from the Universidad Metropolitana in Venezuela; 4) work

experience letter on the official letterhead of Criteria Consulting, C.A. in Venezuela detailing Mr. Mouawad's employment as Vice President of the company from June 2012 to February 2015; and 4) evidence of Le Club Management, LLC's financial ability to pay the offered wage (as stated on the labor certification) for the position of Business Development Manager. *See* exhibit C, which comprises Mr. Mouawad's diploma and transcript from the Universidad Metropolitana in Venezuela; *see* exhibit D, which comprises a true and correct copy the academic evaluation; *see* exhibit E, which comprises a true and correct copy of the work experience letter from Criteria Consulting C.A.

26.     On January 17, 2019, the USCIS issued a Notice of Intent to Deny ("NOID") regarding the I-140 petition. *See* exhibit F, which comprises a true and correct copy of the NOID. The NOID levied three serious allegations against Le Club Management, LLC and Mr. Mouawad.[1] The allegations are summarized as follows:

- Allegation #1: Le Club Management, LLC and Mr. Mouawad committed fraud and/or willfully misrepresented a material fact in the labor certification process by failing to disclose (on the labor certification application) that Mr. Mouawad has an ownership interest in Le Club Management, LLC. This is because a USCIS "investigation" purportedly revealed that a nonimmigrant visa petition (receipt #EAC1523551978) filed by Le Club Management, LLC on behalf of Mr. Mouawad showed that Mr. Mouawad is the 100% owner of Le Club Management, LLC, and that this supposed fact is corroborated by ownership information listed on the company's federal income tax return for 2013.

- Allegation #2:  Le Club Management, LLC and Mr. Mouawad purportedly presented false or fraudulent educational credentials and/or willfully misrepresented a material fact to substantiate that Mr. Mouawad holds a bachelor's degree from the Universidad Metropolitana in Venezuela.  This is based on USCIS' assertion that Mr. Mouawad's degree from the Universidad Metropolitana was conferred on March 2, 2015, and that in 2011 and 2015, Mr. Mouawad submitted visa application forms (*i.e.*, Form DS-160) at the U.S. Consulate in Caracas, Venezuela containing conflicting information regarding the exact dates (*i.e.*, month/year to month/year) when he attended the Universidad Metropolitana.

- Allegation #3:  Le Club Management, LLC and Mr. Mouawad purportedly presented false or fraudulent documentation and/or willfully misrepresented a material fact to substantiate Mr. Mouawad's work experience from June 2012 to February 2015 with Criteria Consulting, C.A. in Venezuela.  This is based on USCIS' assertion that on September 4, 2015, Mr. Mouawad was interviewed by a consular officer at the U.S. Consulate in Caracas at which time he indicated that he was not then-employed and that he had previously worked from October 2006 to January 2013 as Treasury Controller with Banco Occidental De Descuento in Venezuela.

27.     On February 15, 2019, Le Club Management, LLC submitted its timely response to the USCIS' NOID.  The response addressed and rebutted, in detail, each allegation.  The response to each allegation is summarized below:

---

[1] The NOID also requested further evidence of Le Club Management, LLC's ability to pay the offered wage.  This issue will not be addressed because it is not germane to the issues at hand.

- <u>Rebuttal to Allegation #1</u>:  The USCIS' allegation that Le Club Management, LLC and Mr. Mouawad committed fraud and/or willfully misrepresented a material fact in the labor certification process by failing to disclose (on the labor certification application) that Mr. Mouawad has an ownership interest in Le Club Management, LLC is baseless.  First, the USCIS' assertion that a nonimmigrant visa petition (receipt #EAC1523551978) filed by Le Club Management, LLC on behalf of Mr. Mouawad shows that Mr. Mouawad owns 100% of Le Club Management, LLC is patently untrue.   The nonimmigrant visa petition with receipt #EAC1523551978 does <u>not</u> relate to Mr. Mouawad; it relates to a nonimmigrant visa petition filed by Le Club Management, LLC on behalf of <u>another individual</u>, to wit, Mr. Jonas Millan who is the company's President and CEO.  Second, Le Club Management, LLC's federal income tax for 2013 does <u>not</u> show that Mr. Mouawad is an owner; rather, Schedule G of the tax return shows that <u>Inversiones Le Club C.A.</u> (the Venezuelan company) owns 100% of Le Club Management, LLC, and Form 1125-E of the tax return shows that Mr. Jonas Millan, the company's President and CEO, devoted 100% of his <u>time</u> to the business for which he received $67,000.  As evidence, Le Club Management, LLC provided copies of its federal income tax returns for 2013 through 2017, its Membership Certificate, and its Operating Agreement, all of which confirm that Mr. Mouawad is not an owner of the company and that Inversiones Le Club C.A. has always been the owner of the company.[2]

- <u>Rebuttal to Allegation #2</u>:  The USCIS' allegation that Le Club Management, LLC and Mr. Mouawad presented false or fraudulent educational credentials and/or willfully

---

[2] These documents are not being submitted as exhibits to the instant complaint because the USCIS' denial decision makes no reference to the company's ownership as a basis for denial. This is because Le Club Management, LLC conclusively rebutted the unfounded allegation regarding the company's ownership.

misrepresented a material fact to substantiate that Mr. Mouawad holds a bachelor's degree from the Universidad Metropolitana in Venezuela is baseless.   The USCIS' assertion that Mr. Mouawad's degree from the Universidad Metropolitana was conferred on March 2, 2015 is incorrect; Mr. Mouawad's diploma and transcripts indicate that the degree was awarded on May 23, 2007; March 2, 2015 is simply the date on which the university reissued official transcripts of his degree, which Mr. Mouawad used to obtain an academic evaluation showing that his Venezuelan degree is equivalent to a U.S. bachelor's degree.   As evidence, Le Club Management, LLC submitted: 1) a certified copy of Mr. Mouawad's diploma from the Universidad Metropolitana indicating that the degree was awarded on May 23, 2007; 2) Mr. Mouawad's original official university transcripts confirming the same; 3) a letter from the Universidad Metropolitana certifying that Mr. Mouawad was awarded the degree on May 23, 2007; and 4) an affidavit from Mr. Mouawad explaining that while completing his visa application (Form DS-160) at the U.S. Consulate in Caracas in 2011, he relied on his memory in listing his dates of attendance at the Universidad Metropolitana and that he just made a mistake regarding his exact dates of attendance.[3]

- Rebuttal to Allegation #3:   The USCIS' allegation that Le Club Management, LLC and Mr. Mouawad presented false or fraudulent documentation and/or willfully misrepresented a material fact to substantiate Mr. Mouawad's work experience from June 2012 to February 2015 with Criteria Consulting, C.A. in Venezuela is baseless.   On September 14, 2015, Mr. Mouawad did indicate to the U.S. Consulate in Caracas that he was not then-employed

---

[3] These documents are not being submitted as exhibits to the instant complaint because the USCIS' denial decision makes no reference to Mr. Mouawad's education as a basis for denial. This is because Le Club Management, LLC conclusively rebutted the unfounded allegation regarding the authenticity of Mr. Mouawad's education.

14

and that he had previously worked from October 2006 to January 2013 as Treasury Controller with Banco Occidental De Descuento in Venezuela.  While – on its face - this appears to be inconsistent with his employment from June 2012 to February 2015 with Criteria Consulting, C.A. in Venezuela, Le Club Management, LLC presented irrefutable evidence to substantiate Mr. Mouawad's employment with Criteria Consulting, C.A., to wit, <u>an official report from the Social Security Institute of Venezuela stating that Mr. Mouawad was employed by Criteria Consulting C.A. from June 14, 2012 to February 12, 2015, listing the number of weeks that he worked for Criteria Consulting C.A. in 2012, 2013, 2014 and 2015, and listing his salary during each of those years.</u>[4]  *See* exhibit G, which comprises a true and correct copy of the report from the Social Security Institute along with an English translation.  Le Club Management, LLC also provided employer retention receipts from Criteria Consulting C.A. confirming Mr. Mouawad's employment during the period June 2012 to February 2015, a printout from the company database of Criteria Consulting C.A. showing the employment termination date for Mr. Mouawad, and a letter from Banco Occidental del Descuento confirming Mr. Mouawad's employment as Treasury Comptroller from October 2006 to January 2013.  *See* exhibit H, which comprises true and correct copies of the employer retention receipts along with English translations; *see* exhibit I, which comprises a true and correct copy of the printout from the company database along with an English translation; *see* exhibit J, which comprises the letter from Banco Occidental del Descuento.  Le Club Management, LLC also submitted an affidavit from Mr. Mouawad explaining that in completing his visa application (Form DS-160) at the U.S. Consulate in Caracas in September 2015, he correctly stated that he was unemployed at the time;

---

[4] The official webpage of the Social Security Institute in Venezuela is *http://www.ivss.gov.ve*. This is the source for the official report regarding Mr. Mouawad's social security records.

that he mistakenly omitted his last employment with Criteria Consulting C.A.; and that he worked for Banco Occidental del Descuento as Treasury Controller from October 2006 to January 2013 on an as-needed basis because his full-time services were not required.  *See* exhibit K, which comprises a true and correct copy of Mr. Mouawad's affidavit.

28.    On March 4, 2019, the USCIS denied the I-140 petition filed by Le Club Management, LLC.  *See* Exhibit L, which comprises a true and correct copy of the USCIS' decision.[5]  The decision states, in pertinent part:

> The petitioner has failed to establish that the beneficiary meets the experience requirements of the labor certification as of the priority date. Therefore, on January 17, 2019, USCIS issued the petitioner a Notice of Intent to Deny (NOID) requesting evidence that the beneficiary possessed the required experience. In the NOID, USCIS requested that the petitioner submit independent, objective evidence corroborating or substantiating the beneficiary's experience.
>
> On February 19, 2019, USCIS received the petitioner's response to the NOID which included the following evidence:
>
> - Affidavit from the beneficiary attesting to his employment experience.
> - Employer Retention Receipt from Criteria Legal and Consultant, C.A.
> - Criteria Legal and Consultant, C.A. Employee Termination Information from the company database.
> - Venezuelan Social Security Administration Report showing Social Security Credits
> - Employment verification letter from Banco Occidental del Descuento (B.O.D.)
>
> In his affidavit the beneficiary claims that he was employed by Criteria Legal and Consultant, C.A. as Vice President, he mistakenly omitted his employment as Vice President on the DS-160 and that he was employed as Treasurer with B.O.D. on an as-needed basis. He also claims that his employment with B.O.D. did not

[5] The USCIS' decision fails to acknowledge that Le Club Management, LLC categorically rebutted the USCIS' allegations of fraud and misrepresentation regarding both the company's ownership and Mr. Mouawad's education by proving the allegations to be groundless and based on the USCIS' glaring errors and distortion of the evidence.  The USCIS' silence is deafening, and one wonders whether this is the treatment that legitimate U.S. employers and qualified foreign nationals can now expect from the agency when it cavalierly casts allegations of fraud that are later proven to be completely baseless.

require his full-services. The employment letter from B.O.D. dated February 12, 2019, does not state that the beneficiary's employment was part-time or on an as-needed basis. Furthermore, the beneficiary does not explain why he omitted full-time employment on the DS-160 but remembered to include part-time employment.

**The Employer Retention Receipts purport to show that the beneficiary was employed by Criteria Legal and Consultant, C.A. however this evidence is not supported by any official document which reflects this employment. The submitted Venezuelan Social Security Administration report does not indicate the name of the employer and the salary numbers from the Retention Receipts do not match the salary numbers on the Social Security Administration reports**. (*Emphasis added*) The termination information from Criteria Legal and Consultant, C.A. company database does not contain any letterhead or identifying text which would show that the submitted printouts actually came from Criteria Legal and Consultant, C.A. database. The evidence submitted does not support the claims made by the beneficiary in his affidavit.

In view of the above, the petitioner has not established the beneficiary meets the requirements of the labor certification as of the priority date. Furthermore, the petitioner and beneficiary misrepresented material facts on the ETA Form 9089.

… Part 8 of Form I-140 states in pertinent part: I certify under penalty of perjury under the laws of the United States of America that this petition, and the evidence submitted within, is all true and correct. By signing its name under this declaration, the petitioner took legal responsibility for the truth and accuracy of any evidence submitted in support of Form I-140. In order to establish eligibility for the requested classification the petitioner and beneficiary claimed under penalty of perjury that the beneficiary was employed by Criteria Legal and Consultant, C.A. as Vice President. In support of this claim the petitioner provided a letter from Criteria Legal and Consultant, C.A. restating this claim. The information provided by the beneficiary to the DOS directly contradicts this claim. The petitioner and beneficiary misrepresented the beneficiary's employment history in order to obtain a benefit to which the beneficiary was not entitled. The petitioner was afforded an opportunity to resolve this contradiction by providing objective, independent evidence. As stated above the submitted evidence failed to resolve the discrepancy. In addition, the beneficiary has made false claims to qualifying employment, which misrepresents a material fact.

Therefore, USCIS is also denying this Form I-140 with a finding of willful misrepresentation of a material fact.

29.     The USCIS' decision is factually and legally incorrect.  The decision completely ignores compelling objective evidence proving that Criteria Consulting C.A. employed Mr.

Mouawad from June 2012 to February 2015.   Specifically, the decision states that the Venezuelan Social Security Administration report "does not indicate the name of the employer and the salary numbers from the Retention Receipts do not match the salary numbers on the Social Security Administration reports."   This assertion is false.   The Social Security Administration report explicitly lists Mr. Mouawad's employer as "Criteria Consulting C.A."[6] And aside from its blanket assertion that the "salary numbers" from the Employer Retention Receipts do not match the salary numbers on the Social Security report, the USCIS does not provide any explanation, context or analysis regarding the factual basis for such an assertion.   In other words, and consistent with the recent trend in USCIS adjudications, the USCIS summarily rendered a legal and factual conclusion regarding evidence in the record, relied on that conclusion to deny the immigration benefit, but failed to provide any meaningful analysis regarding the evidence.[7]   This is patently unfair and violates due process.   It also places Le Club Management, LLC in the untenable position of having to guess which "salary numbers" the USCIS used or referenced in comparing the salary numbers between the Social Security report and the Employer Retention Receipts, how the supposed comparison was made, and what, if any, information or sources regarding Venezuela's tax or Social Security laws the USCIS utilized to render its factual and legal conclusion.

30.   An analysis of the salary numbers from the Employer Retention Receipts and the Social Security report indicates the figures are actually consistent.   But rather than providing Le Club Management, LLC with an opportunity to address the USCIS' perceived differences in the

---

[6] One is left to question whether the USCIS' false assertion is due to incompetence or innocent error, or whether this is evidence of a newly-endorsed agency practice of disregarding and/or misrepresenting evidence in the record to justify preordained decisions to deny certain cases.
[7] In many cases, the USCIS provides no analysis, much less meaningful analysis.

salary numbers, the USCIS summarily denied the I-140 petition.  As the supposed discrepancies in the salary numbers was a newly-raised issue, the USCIS could have – and should have – requested that Le Club Management, LLC explain or clarify; instead, it just denied the case.

31.    Le Club Management, LLC could not have anticipated that the USCIS would act arbitrarily and capriciously by making an unsubstantiated finding of discrepancies and denying the I-140 petition without first giving the company notice and an opportunity to address the supposed discrepancies.  Aside from being patently unfair and a violation of due process, the USCIS' actions violate 8 C.F.R. § 103.2(b)(16)(i), which provides that if a decision will be adverse to the applicant or petitioner and is based on derogatory information considered by USCIS and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered.

32.    As the USCIS failed to provide Le Club Management, LLC with notice and an opportunity to address the supposed discrepancies between the salary numbers on the Employer Retention Receipts and the salary numbers on the Social Security report, Le Club Management, LLC has obtained a professional analysis from Jennifer Wenzelmann, a Certified Public Accountant in Venezuela, demonstrating that the figures are consistent and that any discrepancies are minor  and likely due to the redenomination of Venezuela's currency that took place in August 2018.  *See* exhibit M, which comprises Ms. Wenzelmann's report and her *curriculum vitae*.  The report also confirms that the USCIS failed to conduct any meaningful analysis of the figures and denied the I-140 petition by merely "eyeballing" the numbers rather than making the slightest effort to ascertain or understand what the numbers truly mean (or ask Le Club Management, LLC to explain what the numbers mean).

33.     It is ironic and troubling that there are two very different standards at play.  On the one hand, the USCIS makes significant factual errors, casts damaging allegations, and later fails to acknowledge having made proven errors and meritless accusations.  On the other hand, the USCIS finds it both inconceivable and fatal that Mr. Mouawad made a mistake in completing his online visa application (Form DS-160) by omitting his prior job at Criteria Consulting C.A., despite the indisputable fact that official Venezuelan government records show that he worked at Criteria Consulting C.A. during the requisite period.[8]  One can be certain that were Le Club Management, LLC attempting to establish that Mr. Mouawad had worked somewhere other than

---

[8] As explained above, Mr. Mouawad also listed incorrect information on his Form DS-160 regarding the exact dates that he attended the Universidad Metropolitana.  This was proven to be an innocent mistake – not fraud or misrepresentation – through the submission of official certified records of his diploma and transcript from the Universidad Metropolitana.  It is simply human nature to try to complete a form or application as quickly as possible, especially with respect to information that one may deem to be inconsequential to the ultimate reason for completing the form and without realizing that the inaccuracy or lack of completeness of the information may later be used to try to undercut one's credibility.  It is also true that if one is looking for discrepancies, one will find discrepancies even in the best of cases.  While it is conceded that Mr. Mouawad completed Form DS-160 in an inartful manner regarding the details of his education and work experience, the official school and government documents clearly demonstrate both the true facts and that there was no fraud or willful misrepresentation of a material fact, just human error and inattentiveness.  For example, if Mr. Mouawad had mistakenly failed to list that he is married or has a child on Form DS-160, it does not mean that he is single or has no children when official government records demonstrate that he is legally married or has a child.  Stated simply, the contents of Form DS-160 do not trump the real facts that are plainly substantiated by objective documentation, and in this case, official government records.

It must also be noted that a finding of fraud or misrepresentation under the Immigration and Nationality Act is an extremely serious matter because it can permanently bar a foreign national from receiving future immigration benefits.  As such, there must be clear evidence in the record to support such a determination.  To sustain an allegation that Le Club Management, LLC and/or Mr. Mouawad committed fraud and/or willfully misrepresented a material fact - when official government records undeniably prove otherwise – is both abusive and illegal.  Assuming arguendo that Le Club Management, LLC failed to meet its burden of proof, this does not constitute fraud and/or willful misrepresentation, which involves a completely different legal standard.  In other words, failing to meet the burden of proof does not automatically convert into a finding of fraud or willful misrepresentation of a material fact.

Criteria Consulting, LLC from June 2012 to February 2015, the USCIS would rely on the very same Venezuelan Social Security records to disprove his employment elsewhere and would assert that the official Venezuelan Social Security records conclusively and without a doubt establish that Mr. Mouawad worked at Criteria Consulting C.A. from June 2012 to February 2015.  The USCIS cannot have it both ways.

34.     The official record from the Venezuelan Social Security Institute unquestionably verifies that Mr. Mouawad was employed by Criteria Consulting C.A. from June 14, 2012 to February 12, 2015.  This evidence is furthered bolstered by the Employer Retention Receipts from Criteria Consulting C.A. and the printout from the company database of Criteria Consulting C.A. showing the employment termination date for Mr. Mouawad.   As such, Le Club Management, LLC has established by a preponderance of the evidence that Mr. Mouawad possesses the required two years of experience delineated on the labor certification application.

FIRST CLAIM FOR RELIEF
(Violation of the Administrative Procedures Act)

35.     Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 inclusive.

36.     A reviewing court shall "hold unlawful and set aside agency action . . . found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

37.     Defendants denied the Form I-140 petition solely on the ground that the evidence in the record was insufficient to establish that Mr. Mouawad possesses the required two (2) years of experience.

38.     Defendants misconstrued, ignored, and failed to properly consider the evidence in

the record by erroneously concluding that the official Venezuelan Social Security records do not list Criteria Consulting C.A. as Mr. Mouawad's employer, and that Le Club Management, LLC has not established by a preponderance of the evidence that Mr. Mouawad possesses the required two years of work experience.

39.     Plaintiffs submitted compelling evidence from the Venezuelan Social Security Institute stating that Mr. Mouawad was employed by Criteria Consulting C.A. from June 2012 to February 2015, listing the number of weeks that he worked for Criteria Consulting C.A. in 2012, 2013, 2014 and 2015, and listing his salary during each of those years. As such, Plaintiffs have demonstrated by a preponderance of the evidence that Mr. Mouawad possesses the labor certification's alternate requirement of two years of work experience and that he qualifies for professional worker classification pursuant to INA § 203(b)(3) and 8 C.F.R. § 204.5(l).

40.     Defendants acted arbitrarily, capriciously, and contrary to the law in violation of the APA by denying Plaintiffs' Form I-140 petition.

<u>PRAYER</u>

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court:

(a)     Declare Defendants' determination that the evidence submitted by Plaintiffs in support of the I-140 petition was insufficient to establish that Mr. Mouawad qualifies as a professional worker because he does not meet the experience requirements of the labor certification is arbitrary and capricious and not in accordance with law, in violation of the APA. 5 U.S.C. § 706(2)(A);

(b)     Vacate the denial of the I-140 petition and remand this matter to Defendants with instructions to approve the I-140 petition filed by Le Club Management, LLC on behalf of Mr. Mouawad within ten (10) days of the date of the Court's Order;

(c)      Retain jurisdiction over the instant case until Defendants fully comply with all statutory and regulatory requirements with respect to the processing and adjudication of the I-140 petition;

(d)      Grant Attorneys' fees and court costs to Plaintiffs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), 5 U.S.C. § 504, or any other applicable law; and

(e)      Grant such other and further relief as the Court deems just, equitable and proper.

Respectfully submitted,

s/Anis N. Saleh
Anis N. Saleh
(Florida Bar #0946176)
Email: *asaleh@salehlaw.com*
Saleh & Associates, P.A.
147 Sevilla Avenue
Coral Gables, Florida 33134
Tel (305) 448-0077
Fax (305) 442-0444
Attorney for Plaintiffs

## LIST OF ATTACHMENTS

Exhibit

A.     ETA Form 9089, Application for Permanent Employment Certification, filed by Le Club Management, LLC on behalf of Mr. Mouawad and certified by the U.S. Department of Labor certified on August 3, 2018.

B.     Receipt Notice, dated January 4, 2019, indicating that USCIS received the I-140 petition filed by Le Club Management, LLC behalf of Mr. Mouawad on December 17, 2018.

C.     Diploma and transcripts from the Universidad Metropolitana in Venezuela for Mr. Mouawad along with English translations.

D.     Academic evaluation regarding Mr. Mouawad's education from the Universidad Metropolitana in Venezuela.

E.     Letter, dated October 29, 2018, from Criteria Consulting, C.A. regarding Mr. Mouawad's employment.

F.     Notice of Intent to Deny, dated January 17, 2019, issued by USCIS regarding the I-140 petition filed by Le Club Management, LLC behalf of Mr. Mouawad.

G.     Report from the Social Security Institute regarding Mr. Mouawad's employment with Criterial Consulting, C.A. along with an English translation.

H.     Employer retention receipts from Criteria Consulting C.A. along with English translations.

I.     Printout from database of Criteria Consulting C.A. regarding Mr. Mouawad's employment termination date along with an English translation.

J.     Letter from Banco Occidental del Descuento regarding Mr. Mouawad.

K.      Affidavit from Mr. Mouawad regarding the visa application (Form DS-160) that he submitted to the U.S. Consulate in Caracas, Venezuela.

L.      Denial Notice, dated March 4, 2019, regarding the I-140 petition filed by Le Club Management, LLC on behalf of Mr. Mouawad.

M.      Audit Report from Jennifer Wenzelmann, a CPA in Venezuela, along with her *curriculum vitae*.